IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case no. 13 B 04669 |
| JDM MANAGEMENT LLC, | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | Chapter 11 |

FINAL ORDER AUTHORIZING DEBTOR'S USE OF THE
CASH COLLATERAL OF PNC BANK—404/406 ONEIDA

This cause coming to be heard on the motion (the "Motion") of JDM Management LLC, as debtor and debtor-in-possession herein (the "Debtor), for authority to use the cash collateral of PNC Bank ("PNC"); notice of the Motion having been provided; the Debtor having stipulated to the following facts:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334.

B. The Debtor filed a voluntary Chapter 11 petition on December 7, 2012. The Debtor continues in management of its business and possession of its assets pursuant to 11 U.S.C. §§ 1107, 1108.

C. The Debtor owns three residential properties in Will and Livingston Counties, Illinois.

D. PNC is the holder of that certain promissory note executed by the Debtor.

E. The PNC Note is secured by a mortgage (the "PNC Mortgage") that the Debtor executed in favor of the PNC on the following real estate parcel: 404-406 Oneida, Joliet, Illinois 60435 (the "Property").

F. The Debtor also executed an Assignment Of Rents in favor of PNC Bank in connection with the Property.

1

G. As of the petition date, the Debtor is indebted to PNC in the amount of $427,145, exclusive of attorneys' fees and post-petition interest.

H. The Debtor and PNC Bank agree that the value of the Property exceeds the Pre-Petition Indebtedness.

**IT IS HEREBY ORDERED THAT:**

1. PNC Bank's "Cash Collateral," in this case and as defined in 11 U.S.C. § 363(a), shall include cash, cash equivalents, proceeds, deposit accounts, income, security deposits, rents and profits of the Property.

2. The pre-petition Mortgage, lien and security interest of PNC Bank in the Cash Collateral and the Property are deemed to be valid, enforceable and perfected, as stipulated and agreed by the Debtor, without binding effect to a subsequent Trustee or committee, if any. The Debtor is deemed to have waived all defenses, claims, rights of setoff and causes of action it may have against PNC Bank with respect to the Property and the above-described loan documents.

3. The Debtor and PNC Bank agree that the PNC Mortgage is a first priority lien against the Property.

4. The Debtor shall receive, deposit and maintain the Cash Collateral in a segregated "debtor-in-possession" account (the "DIP Account"), into which the Debtor shall not permit any commingling of any other assets.

5. The Debtor is authorized to use the Cash Collateral to pay only the expenses of the Property, consistent with the terms of this Order and pursuant to the budget attached to the Debtor's motion.

6. On the 10th day of every month, the Debtor shall provide PNC Bank with an accounting of the Cash Collateral, including all deposits into and disbursements out of the DIP Account.

7. Upon request, PNC Bank shall be entitled to copies of rent rolls, security deposits, leases, certificates of insurance, evidence of payment of all taxes and utilities and such other documents related to the Cash Collateral and the Property. PNC Bank shall be entitled to access to the Property for purposes of appraisal and/or inspection at a mutually acceptable date and time.

8. The Debtor shall be authorized to pay expenditures not listed on the Budget, or in excess of the amounts listed on the Budget, only upon (i) order of this Court after notice and a hearing, or (ii) the prior written consent of PNC Bank.

9. As adequate protection for the Debtor's use of the Property and the Cash Collateral, the Debtor shall pay PNC $1,797.00 per month on the 15th day of every month. Interest shall continue to accrue at the rates set forth in the Notes and Mortgages, but shall be payable at the rate of 5% only throughout the duration of this Order. Any allocation of a payment between principal and interest is provisional and subject to further order of Court.

10. As additional adequate protection for the Debtor's use of the Property and the Cash Collateral, PNC shall receive a valid, enforceable, perfected and first priority, replacement lien in the Cash Collateral (the "Post-Petition Lien"). The Post-Petition Lien shall be deemed valid, enforceable and perfected as against all third parties without PNC Bank being required to record or file additional documentation or to take any other action.

11. The Post-Petition Lien shall be superior in right to any other lien, claim or encumbrance created or arising hereafter with respect to the Property.

12. With the exception of the Post-Petition Lien, the Debtor shall not permit any mortgages, liens, claims, encumbrances or transfers to be made, granted, asserted, filed or recorded against the Property.

13. The Debtor shall remain current in paying the real estate taxes for the Property and shall maintain insurance for the Property.

14. The Debtor's failure to comply with the terms of this Order shall be deemed a default under this Order. PNC Bank shall provide notice to the Debtor of a default under this Order, and the Debtor then shall have five (5) business days to cure such default. Failure to timely cure such default shall result in an automatic termination of its authority to use the Cash Collateral. Upon such termination, the Debtor shall cease using the Cash Collateral and the DIP Account, and PNC Bank shall be entitled to exercise all rights and remedies available to it under all applicable law.

15. Only the Debtor and the Debtor's professionals expressly waive their respective rights and claims under 11 U.S.C. § 506(c) with respect to PNC Bank and the Property.

16. The Debtor's authority to use the Cash Collateral shall continue through plan confirmation, dismissal, conversion, appointment of a trustee, appointment of a committee, or further order of Court.

ENTERED:

_____
Hon. Jack B. Schmetterer

MAR 2 2 2013

4

Prepared by:
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange, IL 60525
708-937-1264
708-937-1265 (fx)
dlloyd@davidlloydlaw.com